## Case No. 9,818.

### The MORNING STAR.

[6 Blatchf. 154.] [1]

Circuit Court, S. D. New York. June 8, 1868.

SALVAGE — CORPORATION ORGANIZED TO PERFORM SALVAGE SERVICE—RATE OF COMPENSATION ALLOWED.

Where a corporation, having authority, by its charter, to own vessels to be employed in saving vessels wrecked or in distress, and to take all compensation and salvages which, by law and usage, enure to private persons, was employed by the owners of a vessel which had gone on shore in a fog, to relieve her from a situation of peril, and did so: *Held,* that compensation for the service ought to be allowed to the corporation on the principle of allowing a liberal compensation for the use of the apparatus furnished, and for the skill with which it was handled in the service performed, but not on the principles governing the rate of compensation in the case of a salvage service. In this case, the court allowed what it regarded as a reasonable compensation for the work and labor performed and the materials used.

[Cited in The J. F. Farlan, Case No. 7,313; The Stratton Audley, Id. 13,530. Cited, but not followed, in The Birdie, Id. 1,432. Cited in Baker v. Hemenway, Id. 770.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, to recover salvage for saving the steamship Morning Star, which ran aground on Deal Beach shore, New Jersey, about forty miles from the city of New York, on the 31st of July, 1863. The vessel was valued at $150,000, and her cargo at $200,000. The libellants were a corporation created under the laws of the state of New York, with authority to own vessels to be employed in "towing, aiding, protecting, and saving vessels and cargoes wrecked or in distress, wherever such wrecks occur, on the high seas, or in the various arms of the seas, rivers running to the same," &c. The act of incorporation also allowed the company, among other things, to "take all compensa-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

tion, towages, and salvages which are customary and usual, and which, by law and usage, enure to private persons," &c. The district court awarded to the libellants $2,500, and interest, and the libellants appealed to this court.

Clifford A. Hand, for libellants.
Robert D. Benedict, for claimants.

NELSON, Circuit Justice. The libellants were employed by the owners of the Morning Star to go down from the city of New York and relieve her from her perilous situation on the beach. This was done with expedition and skill, by the use of appliances kept on hand by the company. The vessel had gone on the beach in a fog, and, although there was a considerable swell upon the sea, the wind was light, and very little difficulty was encountered in towing her from the sandbar on which she grounded and setting her afloat. She sustained no injury.

The court below allowed, as compensation to the company, for the service rendered, $2,500, and interest. There is evidence in the case that the owners of the vessel, when applied to by the company to perform the service, had inquired as to the expense; and that, although no definite answer was given, $2,000 or $2,500 was suggested as the probable amount. There is no proof in the case but that this would be a reasonable compensation, as for work and labor; that is, there is no evidence to the contrary. As a salvage service, I think the sum allowed was inadequate, upon the principles governing the rate of compensation in that class of cases.

The learned judge below appears to have been strongly inclined against regarding this company as a salvor, within the reasons and principles which govern the admiralty, in awarding compensation for admitted salvage service. All the persons representing the company, engaged in the service in question, receive no part of the salvage money. They are employed at a permanent salary, or, if temporarily, for the given service, at day's wages. All considerations, therefore, of personal sacrifice or gallantry, in encountering imminent perils in rescuing vessels in distress, are necessarily excluded, in fixing the rate of compensation. If allowed by the court, all beyond the salaries or wages enure to the benefit of the company. I agree that a liberal compensation should be allowed for the use of the apparatus furnished, which was ample and well adapted to the purposes intended, by the present company, and for the skill with which it was handled in the service performed; but, in the sense of the law governing salvage compensation, I have great difficulty in awarding it to the libellants. As at present advised, I must deny it; and as, for aught that appears, the compensation allowed by the court was reasonable for the work and labor and materials used, the decree below is affirmed.